Would the viewer and participant please report to the Chief of Army of Miami-Dade Police Department. I would like to reserve the minutes for a vote, please. Would you like to comment? Yes, ma'am. In this case, the charging document identified one specific statutory theory under which my client was subject. Counsel, which document? The operating charging document. And I have that information. Did the court hear me okay? Yes, ma'am. Okay. It identified one specific theory under which my client was subject to mandatory full-time consecutive sentencing. But in sentencing, the sentencing will rely on a completely different theory for imposing the same sentence. Could you help me with something, sir? There is, of course, Supreme Court ruling that establishes that the criminal defendant is entitled to notice what crime is being charged with. Right. What is the Supreme Court authority theory for establishing that the defendant is entitled to notice what sentencing needs to be received? Well, I believe, Your Honor, that it is covered by the Colby-Arkansas case and Langford v. Idaho. And as this court has held in Godfrey-Lewis in a HIPAA context, so it is called, it is clearly established in federal court law, the required notice of the section, California Constitution 1, to 0-0.53, sentencing enhancement. So I think it has been addressed by Supreme Court and has been addressed by this court in a HIPAA context. What was just noticed in the charges? Mark Reinhart, the whole itself uses the word charges, correct? The Langford v. Idaho case involved failure to give notice that the trial court is going to impose decimals, notwithstanding the state's claim that the state is unseated. Well, trial counsel did not have a charge of decimals, right? Correct. So it's not a claim procedurally defaulted? I believe that the claim is not procedurally defaulted under Harris v. Reed because in order for a procedural default to apply, the state court decision, which is the California Court of Appeals decision, had to clearly and unambiguously rely on the procedural bar as an alternative holding in order for that to be a part of federal capacity. In this case, as we explained in the briefing, while the state court, at the end of the decision, did include the procedural bar, it never actually relied on it. This was styled as a decision on coherence. So at the end of the decision, as California courts often do, the California Court of Appeals throws in the parent and says, oh, by the way, even if you did have the due process right, the notice of this enhancement, you would have waived it anyway because you didn't raise it in sentencing. And our position is that it's not clear and unambiguously relies on procedural default. So going back to my original point, there is material variance between what's in the charging document and what's ultimately happened at sentencing. And the reason this situation is exactly like it's supposed to be, like a noticeable crime charge, is because mandatory consecutive sentencing under the separate occasions clause is one aspect of mandatory full-time consecutive sentencing that's actually affected by trial testimony. Back up for just a second. Because we're first in my record, I just got a microphone, and I can't find a language that supports the proposition that the defendant is entitled to notice of the sentencing enhancement. Could you direct me to it? Just a hint of my record. Okay. I am in. If, as a rebuttal, let me take it to court. At that point in time, my idea of my record is that it holds that you have a right to do notice of the sentencing disposition. So, you know, a crime for which the defendant was enhancement was due as a death penalty. So I'm fairly certain that the court enhancement won't be in there. It certainly holds that the defendant was entitled to know that the judge was considering what's worth everything plus the death penalty. Right. But I don't know quite how to carry that over to your argument, where it's a sentencing enhancement depending on whether it was two rapes, one woman, or a rape each for two women, which affects consent captivity. I don't know how to carry that over to my argument. Well, I think the way it carries forward is because it stands for a proposition that when the trial court is considering to impose a sentencing disposition that's going to be impacted with what you can't present, and you have a right to notice of that before the court pronounces a sentencing. More broadly, I know that my interpretation is enhanced. That's right. And that's what I mean. The Supreme Court's been pretty hard on the Ninth Circuit for reading its cases over blocking or making excuses. I'm mindful of that limitation. I would still say it's a counter-white versus blue dog. This court does not have to have a specific mechanical factual situation. So, as a general rule, you're applying beyond reasonable dispute, you would apply it to a serious set of facts. But that's really not described as a general rule. That's a very straightforward argument. I say it because we hold the arguments up. And, like, for example, in all of Hamilton's cases, he said as a matter of due process and fairness, you have a due process right to notice of a potential sentencing disposition that you have an opportunity to defend and trial. It doesn't mean it's not limited to findings made by a jury. So, it sounds to me that if you use that ahead of time, before you begin a trial, and it sounds to me it could be impacted by trial testimony, by defense strategy, I think you have a due process right to notice so that the counsel can shape the defense accordingly. But that's my position. I think there is clearly established law for the due process claim my client is presenting. Well, counsel, given the financial scenario here, how would trial counsel have changed the strategy going forward with the notice that was sort of been given? I think the best that I can come up with from this record is that the counsel could have asked more questions or just get into the area of specific allegations Jane Doe made about the sequence of the events in my client's apartment. She presented a completely different account of what happened. And from this standpoint, as a defense counsel... Who presented it? As a defense and the prosecution. Okay, presented it. Right, but it's on completely different accounts. I'm having trouble with your answer to Judge Wardlaw's question. Help me out on this. Since there was a procedural default, you mean causing prejudice, and then your cause is the jury's incompetence. Well, as the court finds out, there was a procedure for this, and I can see that it was, because it looks like Radek committed such a horrendous series of sex crimes that no matter what sort of notice was given, the judge was going to hammer him. And it really didn't matter whether he hammered him for multiple times on one victim or two victims, different times, different victims. He was going to get the constant circuitivity, basically because he didn't just commit one unending crime that started and then ended without a break in between. Well, here are a couple of responses to that. Number one, this is not a case where the court said, well, even if I didn't impose mandatory consecutive, I don't think I would have imposed discretionary consensus in this case. And in my experience, judges often do that if they're unsure about what is a mandatory aspect of the statute. I agree, but there's no reason to think this judge was unsure. I mean, if you were the attorney representing this fellow, the last thing you want is having more details piled up before the judge imposes sentence on just how awful his sex crimes were. Well, I don't know. I mean, that might be why an attorney would just keep his mouth shut and hope it's treated as a more or less routine case. Okay, now, my client was 58. He did, aside from these counts that he received before the court, he was facing a pretty long sentence. So I think that at that point, the defense counsel really didn't ask him to lose. And in addition, the court expressed no particular interest in delaying his sentence in other counts. I think my client received the inconcurrent all-in count, too. The court made no, at least, word statement saying that no matter what, I'm going to give the maximum amount possible, which, again, it often happens in cases like this. And the judge is pretty clear that I am maxing this particular thing out. I don't think this record supports that. You want to save some time? Yes. After we say all-in, we're good. Sure. Good afternoon, Your Honor. As the court only has the reasons possible, I would be happy to answer any questions the court might have, which are directly to particular situations. Starting out, this is not an alternative holding by the California Court of Appeal. The language that we cited, page 32 of our brief, says specifically, even if due process did require a specific occasions allocation, he waived any such claim. That's an alternative holding. So it is procedurally defaulted. The court has mentioned two reasons why there was any error by counsel that would have been harmless. One, the judge wouldn't have sentenced him discretionarily to consecutive sentences anyway. And two, there was no strategic way that counsel could have held the case any differently because defendant got on the stand and testified that he waited between each of the assaults. The reason he couldn't succeed in his penetrations, he said, in his testimony was because he stopped each time to smoke some crack cocaine, paused, and then went back and continued his offense. So this harms again because it's clear that there were separate occasions here, and any judge wouldn't have found separate occasion. Beyond that, there's the fair-harmless error argument, which is that Section 667.6 is not an obscure section of California law. To those counsel below, certified criminal specialists, to this competent attorney, any attorney handling multiple sexual accounts, more called causal sexual offense accounts in any case, is going to be familiar with 667.6. It's a big deal. It appears in every case. There's no reasonable possibility that this attorney wasn't aware of 667.6. He filed a sentencing memorandum in which he addressed Section 667.6 without ever saying, I have no idea. This is a good book. It helps me come up with this context in this case. So what would be a strategic reason why, if he'd been aware of 667.6, that he would not object? Because under California law, since 1984, there is no requirement of obtaining and proof of Section 667.6 that's been settled for 30 years. So there's no way that he can say, as a criminal law specialist in California, they didn't give me notice, and they didn't have notice. The first question the court would have said, if he'd objected under the federal constitution is, so you're saying that you did not know about this notice, you had no idea 667.6 would apply. He, as a honest lawyer, would have said, well, actually, I did know, but it still violated the problem. The new process isn't a theory. The new process is an actual notice. It's about actual notice. There was no need to give him actual notice, because he knew, and that's the reason why he would have objected, because it would have made it look non-credible in terms of the criminal court. As to the quotes that he owed, he knew that it was not necessary for the prosecution to charge Section 667.6 C and D. Since 1984, the California law has been such that you do not have to charge those things. Every criminal law practitioner knows that. So he knew on this actual situation, there's no declaration below saying, I didn't know, there's no profession of incompetence below, which couldn't happen in the district court in Habeas. There's no reasonable argument that the Times-Council, in this case, did not know that Section 667.6 C and D were implicated in this case. So it's a California case, you said? No. Your Honor, I cited it in our brief. Just a quick question. You're going to have to look it up. I don't know if you can find it right now, but it's a 1984 case. Why require notice anyway? If these sections are implicated, what's the purpose of notice requirement? Well, I don't think there is any requirement under the federal constitution or under the state law. And under Oregon v. ICE, which Justice Ginsburg held for the court, that mandatory consecutive sentencing for all crimes would not violate the federal constitution. Therefore, she held in Oregon v. ICE, any minor requirement that raised the requirements for continued sentencing was binding for requiring that mandatory sentencing could not HRGR and could not violate the federal constitution. Oregon v. ICE covers this case. It shows that there is individually no constitutional requirement to charge any people with consecutive sentencing. It's completely within the discretion of the trial court. And even if there was an argument that Oregon v. ICE didn't precisely cover this case, the point is there is no federal case that's closer than Oregon v. ICE. There's no federal Supreme Court case that's closer than Oregon v. ICE. And under the ADPA, that means the court is without authority unless there is controlling federal authority requiring charging of consecutive sentencing factors. And there is not the closest case, which we think is actually one point, but it's very close, is Oregon v. ICE. The other cases, counsel sites are enhanced for cases which are not consecutive sentencing cases at all. They're cases in which additional jurors who have been added to a subsequent sentence is completely different than Oregon v. ICE. If that's the case, that's a completely different concept than consecutive sentencing. It's needed and improved in subsequent sentences. If you are going to pay respect to that, just make sure it's very clear. I guess the court had no further questions, so I think it's fair to submit. All right, thank you, counsel. Thank you. Thank you. Thank you. I have two points for you. I don't think it applies because the point is whether or not you have notice of a consecutive, of an unintended consecutive sentence. The reason to notice that play is because the state here should also identify a specific theory under which they're going to proceed. They don't have to do that, perhaps, I don't know. But they are further put in the charging document that we're relying on this. And notwithstanding both the counsel's speculation that anybody knows about it, there is a point where it requires that you apply the charging document as a source of notice. The state chose to put it in one particular theory. Whether or not they had to do it in the first place is irrelevant. I think it creates a reasonable impression that this is a theory that the state is relying on in the way we deal with separate locations, finding which is affected by childhood story. And I think it does make a difference. It's not just about consecutive sentencing. And as we explained in the reply brief, I don't believe Oregon D.I.'s speech can hold Oregon applicable here. The point is the troll, the new wrinkle and sentencing composite in the charging document is something that U.S. defense could have addressed and tried to review the deal about it. That's what makes this more important. Thank you, counsel. Greg versus Gonzalez. Okay. Thank you.
judges: Kleinfeld, Wardlaw, Morris